## (February 23, 1978)

■ RUDOLPH DRAYTON, Petitioner, v GERALD S. HELD, as Justice of the Supreme Court of the State of New York, County of Kings, et al., Respondents.—Proceeding pursuant to CPLR article 78 to prohibit the further prosecution of petitioner under Kings County Indictment No. 821-1977 or, in the alternative, to disqualify the respondent Justice from further participation in the event of a retrial. Petition granted to the extent that the retrial should be held before a Justice other than the respondent Held. Proceeding otherwise dismissed on the merits, without costs or disbursements. While what occurred upon the first trial of the indictment must be deplored, the record makes it clear that petitioner was not prejudiced thereby and that the mistrial resulted from the granting of his motion for such relief. Upon the argument of this application, the District Attorney stipulated that, upon the retrial, he would call no witnesses other than those called by him on the first trial, unless the petitioner should call additional alibi witnesses. Damiani, J. P., Suozzi, Rabin and Shapiro, JJ., concur.

■ THOMAS McQUEEN, Petitioner, v GERALD S. HELD, as Justice of the Supreme Court of the State of New York, County of Kings, et al., Respondents.—Proceeding pursuant to CPLR article 78 to prohibit the further prosecution of petitioner under Kings County Indictment No. 821-1977 or, in the alternative, to disqualify the respondent Justice from further participation in the event of a retrial. Petition granted to the extent that the retrial should be held before a Justice other than the respondent Held. Proceeding otherwise dismissed on the merits, without costs or disbursements. The petitioner in this proceeding was a codefendant of one Rudolph Drayton, whose petition for a writ of prohibition is being determined simultaneously herewith. The reasons set forth in the memorandum decision in that proceeding apply with equal force here. In addition, the petitioner here joined in the mistrial motion of his codefendant, although he was advised by the court that if he did not do so the trial would proceed as to both defendants and that the codefendant's motion for a mistrial would be denied. Damiani, J. P., Suozzi, Rabin and Shapiro, JJ., concur.